IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHRISTOPHER ADAMS, #K67019, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-37-NJR ) |
| SHAWNEE CORRECTIONAL CENTER, WARDEN OF SHAWNEE CORRECTIONAL CENTER, JOHN DOE, and ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Robert Christopher Adams, a former inmate of the Illinois Department of Corrections ("IDOC") and current detainee at Cook County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Second Amended Complaint,[1] Plaintiff alleges he was released from prison without appropriate winter clothing in January 2018, resulting in exposure to cold and wet conditions that caused discomfort. (Doc. 15). He brings this action against the IDOC, Shawnee Correctional Center ("Shawnee"), Shawnee's warden, and Shawnee's clothing room supervisor. (*Id*.). Plaintiff seeks to bring a class action for money damages against the defendants. (*Id*.).

---

[1] Plaintiff filed an unsigned Complaint (Doc. 1) on January 11, 2019, which he replaced with a signed First Amended Complaint (Doc. 4) on February 11, 2019. Before the Court completed preliminary review of the First Amended Complaint, Plaintiff filed a Second Amended Complaint on March 19, 2019 (Doc. 15). The Second Amended Complaint supersedes and replaces all prior versions and renders them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

1

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Second Amended Complaint

Plaintiff makes the following allegations in his Second Amended Complaint: Plaintiff was released from Pinckneyville without appropriate winter clothing on January 7, 2018. At the time, he was wearing a shirt, pants, and cloth shoes issued by Cook County Jail. He was given no winter coat, thermal underwear, gloves, hat, scarf, or boots. Plaintiff lacked the resources to obtain these items. He had to walk through snow and slush to the bus station, train station, and eventually a shelter. He was unable to find any additional clothing until the following day. Plaintiff claims that the prison's failure to provide him with appropriate winter clothing violated his rights.

## Discussion

The Second Amended Complaint focuses on a single claim, which is set forth below:

**Count 1:** Defendants violated Plaintiff's constitutional rights by denying him adequate winter clothing and gear when he was released from prison on January 7, 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

The Second Amended Complaint does not survive preliminary review for several reasons. For one thing, Plaintiff does not mention the newly-named defendants in his statement of claim. He amended the complaint to add Shawnee Correctional Center, Shawnee's warden, and Shawnee's clothing room supervisor as defendants. The statement of claim mentions them nowhere. Invoking the name of potential defendants in the case caption is not enough to state a claim against them. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Although Plaintiff referred to Pinckneyville Correctional Center and its employees in the statement of claim, he decided to remove all Pinckneyville defendants from the case caption and list of defendants in the Second Amended Complaint. This, of course, was his decision, and the Court is not in the business of second-guessing plaintiffs in this regard. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

Moreover, Plaintiff states no constitutional claim in the Second Amended Complaint. A prisoner's claim of inadequate clothing is normally governed by the Eighth Amendment, which prohibits the cruel and unusual punishment of incarcerated persons. U.S. CONST. VIII. Allegations of inadequate clothing may support an Eighth Amendment claim. *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006) (lack of heat, clothing, sanitation can state an Eighth Amendment claim). Clothing

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

is considered one of life's necessities. The problem here is that Plaintiff was not an incarcerated person when his claims arose. No allegations suggest that he was in IDOC custody at the time he suffered from cold and discomfort while walking to the bus station, train station, and shelter on January 7, 2018. The Second Amended Complaint lacks sufficient allegations to suggest that the IDOC, prison, or its employees had a constitutional obligation to provide Plaintiff with winter gear under the circumstances.

Finally, Plaintiff does not complain of an outright deprivation of clothes, but rather a denial of additional layers that became necessary after he left the prison. Plaintiff does not indicate that he asked anyone for these items before leaving the prison. He also complains of no injuries resulting from the deprivation. *Mays v. Springborn*, 575 F.3d 643, 648-49 (7th Cir. 2006) (prisoner who suffers from hurt ears, numb hands, feelings of frostbite, and a cold because he was not issued adequate winter clothing suffered only from the "usual discomforts of winter"). Based on the allegations in the Second Amended Complaint, the Court finds no constitutional injury occurred.

## Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "Third Amended Complaint" on or before **April 17, 2019**. Should Plaintiff fail to file a Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Third Amended Complaint," and he should use the case number for this action (No. 19-cv-00037-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces all prior versions and renders them void. *See Flannery*, 354 F.3d at 638 n. 1. The Third Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to Section 1915A review.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Thus, the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/20/2019**

　　　　　　　　　　　　　　　　　　　　　　　　　　　*Nancy J. Rosenstengel*
　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　**NANCY J. ROSENSTENGEL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**