IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROBERT CHRISTOPHER ADAMS, #K67019, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 19-cv-37-NJR |
| SHAWNEE CORRECTIONAL CENTER WARDEN, SHAWNEE CORRECTIONAL CENTER, ILLINOIS DEPT. OF CORRECTIONS, JOHN DOE 1, and JOHN DOE 2, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for preliminary review of the Third Amended Complaint (Doc. 17) filed pursuant to 42 U.S.C. § 1983 by Plaintiff Robert Adams, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently detained at Shawnee Correctional Center ("Shawnee"). Plaintiff claims that Shawnee officials denied him winter clothing before releasing him into dangerously cold conditions. (Doc. 17, pp. 6-8). He brings an Eighth Amendment claim for money damages against the defendants. (*Id*. at p. 9).

This case is now before the Court for preliminary review of the Third Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**Third Amended Complaint**

Plaintiff makes the following allegations in the Third Amended Complaint (Doc. 17, pp. 6-9): Plaintiff was released from custody without any winter clothing or gear in January 2018. (Doc. 17, p. 6; Doc. 15, p. 7). Before his release, Plaintiff complained of subzero temperatures outside and requested a winter coat, boots, gloves, hat, and scarf. (*Id*. at p. 6). Pursuant to IDOC policy, he was supposed to receive many of these items when he was taken into custody. (*Id*. at p. 7). But the items were never issued or confiscated before his release. Plaintiff's request for appropriate winter clothing was denied by Shawnee's clothing room supervisor ("John Doe 1"), a correctional officer ("John Doe 2"), and the warden ("Warden Doe"). (*Id*. at p. 6). Plaintiff was then transported to Chicago and released into dangerously cold and snowy conditions wearing a "summer" shirt, pants, and cloth shoes. (*Id*. at pp. 7-8). He suffered from what appears to have been prolonged exposure to these conditions and developed symptoms of frostbite and a cold. (*Id*.). Plaintiff claims that the defendants' failure to provide him with appropriate clothing while still in IDOC custody violated his right to be free from cruel and unusual punishment. (*Id*.).

The Third Amended Complaint focuses on a single claim, which the parties and the Court will use in all future pleadings and orders:

> **Count 1:** Defendants violated Plaintiff's constitutional rights by denying him adequate winter clothing and gear during his incarceration and just before releasing him from custody in January 2018, resulting in symptoms of frostbite and a cold from prolonged exposure to frigid, snowy conditions.

**Any other claim that is mentioned in the Third Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

The Eighth Amendment prohibits prison officials from depriving an incarcerated person of the "minimal civilized measures of life's necessities" including adequate heat and shelter. *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Dixon v. Godinez*, 114 F.3d 640 (7th Cir. 1997). Deliberately disregarding conditions that pose a substantial risk of serious harm to an inmate's health and safety violate the amendment. *Townsend v. Fuch*, 522 F.3d 765, 773 (7th Cir. 2008). This includes conditions that pose a substantial risk of present harm *and* possible future harm to an inmate's health or safety. *See, e.g., Helling v. McKinney*, 509 U.S. 25, 36 (1993) (Eighth Amendment claim stated under future health rubric for exposure to environment tobacco smoke posing an unreasonable risk to inmate's future health).

With that said, Eighth Amendment protections do not extend to the "usual discomforts of winter." *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). A plaintiff bringing a claim for exposure to cold conditions must show that he suffered from something more than the usual discomforts of the season, such as particularly cold conditions or prolonged exposure to them. Hurt ears, numb hands, and feelings of frostbite—absent allegations of prolonged exposure—are not enough. *See id*. (dismissing similar claim at summary judgment); *but see Gillis v. Litscher*, 468 F.3d 488, 490 (7th Cir. 2006) (Eighth Amendment claim stated where inmate was forced to sleep naked in a cold cell and walk around for 14 hours per day to keep warm); *Dixon*, 114 F.3d at 642-44 (Eighth Amendment claim arose where inmate denied clothing or bedding necessary to keep warm in cell with average temperature of forty degrees).

The allegations in the Third Amended Complaint suggest that Plaintiff may have suffered from prolonged and extreme exposure to cold conditions because John Doe 1, John Doe 2, and/or

Warden Doe knowingly denied him adequate winter clothing and gear during intake and/or release from confinement. Count 1 shall proceed against these defendants once they are identified.

Plaintiff cannot pursue a request for money damages against the IDOC or Shawnee because they are not "persons" subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Further, Plaintiff does adequately allege that a policy of the IDOC or prison resulted in the deprivation of his rights. His claim focuses on the conduct of the individual defendants who denied his request for appropriate clothing. The IDOC and Shawnee shall therefore be dismissed from this action with prejudice.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against John Doe 1 (Shawnee clothing room supervisor), John Doe 2 (Shawnee correctional officer), and Warden Doe (Shawnee warden). These defendants must be identified before service of the suit can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Jeff Dennison, Warden of Shawnee Correctional Center, will be added as a defendant in his official capacity,[2] and he shall be responsible for responding to discovery aimed at identifying the unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and through the Third Amended Complaint.

---

[2] Of course, it is possible that Jeff Dennison and "Warden Doe" are the same person. If so, Plaintiff should identify Jeff Dennison as the proper defendant to replace Warden Doe in the motion for substitution. Unless and until that occurs, Jeff Dennison remains named in this action in his official capacity only for purposes of identifying the unknown defendants.

## Disposition

IT IS ORDERED that **COUNT 1** will receive further review against Defendants **JOHN DOE 1 (clothing room supervisor)**, **JOHN DOE 2 (correctional officer),** and **WARDEN DOE (Shawnee's warden)**. This claim is dismissed with prejudice against Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS** and **SHAWNEE CORRECTIONAL CENTER** for failure to state a claim for relief. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

The Clerk is **DIRECTED** to **ADD** Defendant **JEFF DENNISON (WARDEN OF SHAWNEE CORRECTIONAL CENTER)**, in his official capacity only, to the docket for the purposes of identifying John Doe 1, John Doe 2, and Warden Doe with particularity. **As Warden Dennison is in the case solely for discovery purposes, he need not respond to the Third Amended Complaint. Warden Dennison only needs to enter his appearance and will receive further instruction on discovery at a later date.**

The Clerk of Court shall prepare for Defendants **JOHN DOE 1** (once identified), **JOHN DOE 2** (once identified), **WARDEN DOE** (once identified), and **WARDEN JEFF DENNISON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint (Doc. 17), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants (once identified and served with this lawsuit) are **ORDERED** to timely file an appropriate responsive pleading to the Third Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). If judgment is rendered against Plaintiff, and it includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/26/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**